**Opinion filed May 3, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00330-CR

_____

## STANLEY ANTHONY SHOOTES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 09311-D**

## M E M O R A N D U M   O P I N I O N

Stanley Anthony Shootes appeals his conviction by the court of the offense of aggravated sexual assault, following his plea of not guilty. The trial court assessed his punishment at eleven years in the Texas Department of Criminal Justice, Institutional Division. Shootes contends in a sole point of error that his trial counsel was ineffective in failing to make a bill of exception and offer of proof in response to the trial court's sustaining an objection by the State to a question his trial counsel asked the complaining witness. We modify and affirm.

In order to prevail on this claim, Shootes must first establish that his counsel's performance was deficient by showing that his counsel's representation fell below the objective

standard of professional norms. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Second, he must show that this deficient performance prejudiced his defense by showing that the error was so serious as to deprive him of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687. This means that Shootes must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Bone*, 77 S.W.3d at 833. A reasonable probability is one sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 687.

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 833. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Id.* In the case at bar, there is no evidence as to counsel's strategy with respect to not making a bill of exception and offer of proof in order to preserve what the complaining witness's testimony would have been. Consequently, we conclude that the record in this appeal is inadequate to support Shootes's contention. We are unwilling to assume, as we are urged to do by Shootes, that there could have been no reasonable trial strategy. We overrule Shootes's sole point of error.

The judgment entered by the trial court reflects that Shootes entered a plea of guilty to the charged offense. However, the reporter's record shows that he entered a plea of not guilty to the charged offense. We modify the judgment of the trial court to reflect that Shootes entered a plea of not guilty to the charged offense. As modified, the judgment of the trial court is affirmed.

PER CURIAM

May 3, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.